IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00880-BNB

IVETTE T. ECHENIQUE,

    Plaintiff,

v.

DEPT. OF LABOR AND EMPLOYMENT,
UNEMPLOYMENT INSURANCE BENEFITS & OPERATIONS,
HEARING OFFICERS, (To Include: Mr. Greachler, K. Sheridan, R. Lund),
APPELLATE COURTS, (To Include: Loeb, Joens, Booras, Kricksciun, Socolotsky), and
ALL OTHER HEARING OFFICERS AND APPEALING COURT OFFICERS INVOLVED
    IN THIS CASE,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Ivette T. Echenique, initiated this action by filing a civil Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on April 26, 2012, instructing Ms. Echenique to amend the Complaint consistent with the requirements of Fed. R. Civ. P. 8. Ms. Echenique filed an Amended Complaint on June 14, 2012.

    The Court must construe Ms. Echenique's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint pursuant to Fed. R. Civ. P. 12(h)(3).

    In the Amended Complaint, Ms. Echenique is suing the Colorado Department of Labor and Employment and the Colorado Unemployment Insurance Benefits and

Operations for wrongfully ruling in favor of her two previous employers and denying her unemployment compensation benefits.  Ms. Echenique also names the hearing and appellate officers who presided over her unemployment compensation proceedings.  Ms. Echenique seeks damages and a reversal of the State's denial of her benefits.

The federal unemployment compensation program is implemented and administered by the states.  42 U.S.C. § 501 et seq. (1982).  The application procedure is initiated when an applicant files a written claim at one of the State public employment offices. 7 Code of Colo. Regs. 2.1.2.

The Division of Employment and Training (the Division) then notifies the employer of the claim and designates a deputy to make a preliminary decision regarding the applicant's eligibility for benefits.  Colo. Rev. Stat. § 8-74-102 (1986).  If the claim is disputed, either party can obtain a hearing by filing an appeal with the Division.  Colo. Rev. Stat. § 8-74-103 (1986); 7 Code of Colo. Regs. 11.2.3.  At that point, the Division will notify both parties of the appeal, advising them of the statutory sections cited by the deputy.

The notice must specify the time and place of the hearing, but does not necessarily list the specific issues to be raised.  7 Code of Colo. Regs. 11.2.4.  The hearing officer can inquire into "any issue relevant to the disputed claim."  Colo. Rev. Stat. § 8-74-103(1) (1986); *see* 7 Code of Colo. Regs. 11.2.9 ("all relevant issues shall be considered and passed upon" by the hearing officer).  After the hearing officer makes his decision, the parties can appeal to the Industrial Commission and, eventually, to the Colorado courts.  Colo. Rev. Stat. §§ 8-74-104, 8-74-107 (1986); *see also* 7 Code of Colo. Regs. 11.2.15.

Ms. Echenique does not challenge the constitutionality of the State's administration of the unemployment compensation program or claim that the State has failed to follow the statutory procedure. She specifically asserts that the previous employers lied and perjured themselves during the state unemployment hearing and appellate proceedings. Ms. Echenique further contends that unemployment hearing and appellate officers discriminated against her by condoning the employers' behavior. For the reasons stated below, the Court lacks subject matter jurisdiction to consider the claims in this Complaint.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also Freeman v. Brock*, 33 F. App'x 958, 961 (10th Cir. 2002) (applying *Rooker/Feldman* doctrine to an appeal of a state commission's denial of unemployment compensation). Ms. Echenique may not challenge the denial of her unemployment compensation in this Court based on the recitation of the facts found during the state proceedings. *See*

*Freeman*, 33 F. App'x at 961.

The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

Ms. Echenique challenges the State's decision to deny her benefits based on the particular facts of her case. The denial of unemployment compensation was the deprivation ordered by the State. The Amended Complaint challenges the actions of Defendants that participated in the unemployment compensation proceedings. The Amended Complaint is a direct attack on the state court's judgment because an element of the Complaint is that the judgment was wrongful, *see Campbell v. City of Spencer*, et al. , — F.3d —, 2012 WL 2362613 *7 (10th Cir. June 22, 2012), and  "speaks in terms of actions by [ ] [D]efendants," *id.* at *6. Because the injury that Plaintiff complains of was the content of the state judgment and not an act by any defendant that led to the judgment this action is an appeal of the state judgment and is barred under *Rooker-Feldman*. *Id.* at *7.

Ms. Echenique having lost in state court complains of the state court judgment. *Exxon Mobil*, 544 U.S. at 284. As noted above, Ms. Echenique is challenging hearing and appellate court orders entered in the State of Colorado regarding the denial of her unemployment compensation. Review of the claims would require the Court to review the state court decisions that dealt with the denial. *See Campbell*, at *6. Therefore, the Court finds that the Complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

The Court also finds that the Department of Labor and Unemployment Insurance Benefits and Operations are immune from suit for damages. Any claim against the Department of Labor and Unemployment Insurance Benefits and Operations is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Although the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, Ms. Echenique must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). Defendants Department of Labor and Unemployment Insurance Benefits and Operations, therefore,

are improper parties to this action.

Based on the above findings, the entire action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Echenique files a notice of appeal she also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice.

DATED at Denver, Colorado, this  5th  day of    July   , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court